# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| KARL SANDERS, | : | CIVIL ACTION |
| --- | --- | --- |
| Petitioner, | : | |
| v. | : | |
| GERALD ROZUM, et al., | : | No. 13-2585 |
| Respondents. | : | |

## REPORT & RECOMMENDATION

TIMOTHY R. RICE                                                                    June 27, 2013
U.S. MAGISTRATE JUDGE

Petitioner Karl Sanders, a prisoner at the State Correctional Institution in Somerset, Pennsylvania, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. I recommend Sanders' claims be denied with prejudice as untimely.[1]

## FACTUAL AND PROCEDURAL HISTORY

In September 1983, Sanders was convicted of third-degree murder and possessing an instrument of crime. See Crim. Docket, CP-51-CR-0410581-1983, at 2; 8/10/2012 Super. Ct. Op. at 1.[2] In January 1984, Sanders was sentenced to three-to-ten years of imprisonment. The Commonwealth subsequently filed a motion for a weapons sentencing enhancement, and in

---

[1] Because it is clear from Sanders' petition and the opinion attached to this Report and Recommendation that Sanders is not entitled to relief, I did not order an answer from the Commonwealth. See Habeas Corpus Rule 4.

[2] The criminal docket is attached to this Report and Recommendation as Exhibit A and the August 2012 Superior Court opinion is attached as Exhibit B.

March 1984, Sanders was re-sentenced to five-to-twenty years of imprisonment.[3]  See 8/10/2012 Super. Ct. Op. at 5; Crim. Docket at 2.

The Pennsylvania Superior Court affirmed on January 21, 1987, and the Pennsylvania Supreme Court dismissed his appeal on February 3, 1989.  See 8/10/2012 Super. Ct. Op. at 1-2.

On December 31, 2009, Sanders filed a pro se petition under Pennsylvania's Post-Conviction Relief Act, 42 Pa. C.S. § 9541 et seq. ("PCRA").  See Crim. Docket at 3.  The PCRA court dismissed the petition as untimely on October 14, 2011, and the Superior Court affirmed on August 10, 2012.[4]  See id.; 8/10/2012 Super. Ct. Op. at 2.  The Supreme Court denied Sanders' petition for allowance of appeal on April 8, 2013.  See Crim. Docket at 4.

On May 7, 2013, Sanders filed his habeas petition, alleging: (1) violation of the United States Constitution or the "Commonwealth of the Law of United States" based on trial counsel's abandonment of him before filing his direct appeal; (2) ineffective assistance of trial counsel for failing to have a hearing on the evidence against him; and (3) newly discovered evidence. Habeas Pet. (doc. 1) at 8-13.  Sanders also has filed a memorandum in support of his petition, in which he argues that his Sixth Amendment right to effective assistance of counsel was violated by his trial counsel's failure to: (1) object to the Commonwealth's post-sentence motion for a

---

[3]  It seems that Sanders has served his sentence related to this case, but remains in prison for a separate conviction.  See also Habeas Petition at 18 (requesting credit for time served in another case).  Nevertheless, I will presume that he is suffering collateral consequences from his conviction, and that I therefore have jurisdiction over the petition.  See Leyva v. Williams, 504 F.3d 357, 363 (3d Cir. 2007).

[4]  The Superior Court explained that Sanders' PCRA petition was plainly untimely because it was filed more than ten years after his judgment of sentence became final.  See 8/10/2012 Super. Ct. Op. at 4.  The court further found that although Sanders seemed to be arguing that his petition was based on newly discovered evidence because he previously was unaware of the Commonwealth's 1997 motion for a weapons sentencing enhancement, such an argument was meritless because Sanders failed to allege when he had discovered the motion and why he had failed to discover it sooner.  See id. at 4-6 (citing 42 Pa. C.S. § 9545(b)(2) (allowing PCRA petitions to be filed within sixty days of discovery of previously unknown facts that could not have been obtained by exercise of due diligence)).

weapons sentencing enhancement; (2) object to his resentencing; and (3) file an appeal or seek other relief based on his resentencing because it violated his rights to due process and to be free from double jeopardy. See Memorandum (doc. 3), at 3-9.

**DISCUSSION**

**I.     Timeliness**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year limitations period on applications for writs of habeas corpus. 28 U.S.C. § 2244(d)(1). Generally, the limitations period begins on the date the petitioner's judgment of sentence became final "by the conclusion of direct review of the expiration of the time for seeking such review." Id. § 2244(d)(1)(A). One of the following alternative start dates, however, may apply if established by petitioner:

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. § 2244(d)(1); see also Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982) (petitioner must establish "all facts entitling him to" habeas relief).

Following the enactment of the one-year period of limitations in the AEDPA, the United States Court of Appeals for the Third Circuit interpreted § 2244 to provide for a one-year grace period following the AEDPA's effective date of April 24, 1996. See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998) ("[A]pplying § 2244(d)(1) to bar the filing of a habeas petition before

3

April 24, 1997, where the prisoner's conviction became final before April 24, 1996, would be impermissibly retroactive."). As a result, a petitioner whose conviction was final before that effective date was permitted to seek habeas relief within one year of that date, or by April 23, 1997. Id.

Sanders' sentence became final on May 4, 1989, ninety days after the Pennsylvania Supreme Court dismissed his appeal. See Gonzalez v. Thaler, 132 S. Ct. 641, 53-54 (2012) (judgment becomes final when time for seeking certiorari expires). Because this was before the 1996 enactment of the AEDPA, Sanders needed to file his habeas petition by April 23, 1997 under the general rule concerning the one-year limitations period. See 28 U.S.C. § 2244(d)(1)(A); Burns, 134 F.3d at 111. Although this period could have been statutorily tolled or extended if Sanders had properly filed a PCRA petition before April 23, 1997, Sanders did not file his PCRA petition until December 31, 2009, many years after that deadline.[5] See 28 U.S.C. § 2244(d)(2) ("[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending"). Thus, Sanders cannot benefit from statutory tolling and his petition is untimely unless he qualifies for an alternative start date of the limitations period or equitable tolling.

    A. *Use of an Alternative Start Date*

Sanders argues his petition should be deemed timely because it is based on "[a]fter discovered evidence." Habeas Pet. at 17. Presumably he is relying on 28 U.S.C. § 2244(d)(1)(D), which allows the one-year federal limitations period to run from "the date on which the factual predicate of the . . . claims presented could have been discovered through the

---

[5]     Even if Sanders had filed his petition before the federal limitations period had expired, it could not have tolled the limitations period because the state courts held it was untimely. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005) (where the state court rejected a PCRA petition as untimely, it was not "properly filed" and did not trigger statutory tolling under § 2244(d)(2)).

exercise of due diligence." See Leamer v. Fauver, 288 F.3d 532, 547 (3d Cir. 2002) (requiring liberal construction of pro se complaints). Sanders, however, fails to explain what new evidence or facts he has discovered or when they were discovered. See Habeas Pet. at 17; see also generally Habeas Pet. and Memorandum. Although Sanders asserts he "did not know the Commonwealth's motion [for a weapons sentencing enhancement was] to change the minimum part of his sentence only, not the (max)," he fails to state when he discovered this information and why he could not have discovered it earlier with due diligence. See Memorandum at 4. Thus, Sanders has failed to show how this allegedly "after discovered evidence" created an alternative start date under § 2244(d)(1)(D).

Sanders also seems to be arguing that his petition is timely under 28 U.S.C. § 2244(d)(1)(C) because he is relying on Martinez v. Ryan, 132 S. Ct. 1309 (March 20, 2012). See Habeas Pet., Request for Certificate of Appealability, at 1. Sanders' petition, however, cannot be deemed timely based on Martinez because the Supreme Court did not address, or otherwise allow for, the review of untimely claims in that case, and the decision does not create a new start state under any of the subsections of § 2244(d)(1). See Martinez, 132 S. Ct. at 1315; see also Stromberg v. Varano, No. 09-401, 2012 WL 2849266, at *5 n.37 (E.D. Pa. July 11, 2012) (Martinez does not alleviate petitioner's burden to overcome AEDPA statute of limitations). Furthermore, even if Martinez were to apply, Sanders failed to file his habeas petition within one year of that decision.[6]

B.   *Equitable Tolling*

Courts must be "sparing" in their use of the equitable tolling doctrine, which is meant to provide equitable relief where "rigid application" of the one-year federal limitation period would

---

[6] Sanders does not argue, and I cannot find based on my own review, that his petition should be deemed timely under 28 U.S.C. § 2244(d)(1)(B) because a state-created impediment was removed.

be unfair. Ross v. Varano, 712 F.3d 784 (3d Cir. 2013). To be entitled to such tolling, a habeas petition must demonstrate that: (1) "'he has been pursuing his rights diligently,'" and (2) "'some extraordinary circumstances stood in his way' and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). These circumstances may be present where: (1) the defendant has actively misled the petitioner; (2) the petitioner "has 'in some extraordinary way' been prevented from asserting his rights," such as by extreme neglect and unresponsiveness by his counsel; or (3) the petitioner "timely asserted his rights mistakenly in the wrong forum." Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999) (quoting United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998)).

Although Sanders argues his trial counsel was ineffective in various ways related to his re-sentencing, he fails to explain how counsel's actions were extraordinary or how they affected his ability to file a timely habeas petition. See Ross, 712 F.3d 784. Sanders likewise does not show that he has been reasonably diligent in pursuing his rights since his 1984 re-sentencing. See id. Thus, Sanders is not entitled to equitable tolling and his petition should be denied as untimely.[7]

Accordingly, I make the following:

---

[7] Although review of an untimely federal habeas petition may be warranted where the petitioner claims his conviction has resulted in a fundamental miscarriage of justice because of evidence showing he is actually innocent, McQuiggin v. Perkins, No. 12-126, 2013 WL 2300806, at *7 (S. Ct. May 28, 2013), Sanders does not make such a claim. Thus, he is not entitled to review of his habeas petition based on this exception.

# RECOMMENDATION

AND NOW, on June 27, 2013, it is respectfully recommended that the petition for writ of habeas corpus be DENIED with prejudice. It is further recommended that there is no probable cause to issue a certificate of appealability.[8] The petitioner may file objections to this Report and Recommendation within fourteen days after being served with a copy. See Local Civ. Rule 72.1. Failure to file timely objections may constitute a waiver of any appellate rights. See Leyva v. Williams, 504 F.3d 357, 364 (3d Cir. 2007).

BY THE COURT:

/s/ Timothy R. Rice
TIMOTHY R. RICE
U.S. MAGISTRATE JUDGE

---

[8] Because jurists of reason would not debate my recommended disposition of the petitioner's claims, a certificate of appealability also should not be granted. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).